UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80757-Matthewman

PATRICK M. TAGGART,

          Plaintiff

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/



FILED BY KJZ D.C.
Jan 11, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [DE 33]

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Attorney's Fees. [DE 33]. Defendant[1] filed a response [DE 34] and Plaintiff filed a reply [DE 35]. Upon review of the Motion, response, reply, and the entire docket, the Court finds that this matter is ripe for review.

## BACKGROUND

On June 11, 2018, Plaintiff filed a Complaint seeking judicial review of the Defendant's denial of his Social Security disability benefits claim. [DE 1]. On August 1, 2019, the undersigned recommended that the Honorable United States District Judge William P. Dimitrouleas grant Plaintiff's Motion for Summary Judgment [DE 17] and remand Plaintiff's claim so that a Social Security Administrative Law Judge ("ALJ") could determine Plaintiff's residual functional capacity and "whether Plaintiff has any further limitations that prevent him from performing the full range of light work." [DE 21, p.42]. The undersigned also recommended that Judge Dimitrouleas reverse the ALJ's discounting of the opinions of Plaintiff's treating physicians. *Id* at

---

[1] In a petition for attorney's fees under 42 U.S.C. § 406(b), the actual party in interest is not Plaintiff, but Plaintiff's attorney, because it is an action by Plaintiff's attorney for a portion of Plaintiff's past-due benefits. Although the Defendant has no direct financial stake in the outcome of the petition, he seeks here to act as a trustee for Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). The Court accepts and appreciates the Commissioner's role as trustee for Plaintiff, and the Court has very carefully considered his arguments regarding this fee issue.

p. 46. On August 20, 2019, Judge Dimitrouleas entered an Order adopting the undersigned's Report and Recommendation in full. [DE 22]. Thereafter, Plaintiff filed the pending Motion [DE 33]. On November 20, 2019, the parties consented to Magistrate Judge jurisdiction [DE 28].

Plaintiff's Motion seeks fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $69,247.64. Plaintiff represents that this amount is less than 25% of Plaintiff's past due benefits, minus the amount of fees previously awarded to counsel under the Equal Access to Justice Act. Defendant opposes the Motion on the grounds that the total amount of fees requested by Plaintiff's attorney is not reasonable and represents a windfall. Thus, Defendant asks the Court to reduce the total amount of fees awarded to Plaintiff.

## **LEGAL FRAMEWORK**

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a [Social Security] claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). A court reversibly errs by instead employing the lodestar method. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 849–51 (11th Cir. 2020).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was

2

substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id*.

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id*. at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id*. at 808.

Courts also determine the reasonableness of the fee by considering the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010); *see e.g., Gilbert v. Comm'r*, 2020 WL 6044530, at *1–2 (M.D. Fla. Oct. 13, 2020).

## **ANALYSIS**

From the outset, the Court notes that contingent-fee agreements are "presumptively reasonable." *Gossett v. Commissioner*, 812 Fed. Appx. 847, 850 (11th Cir. 2020). With this presumption in mind, and based on the Court's review of the entire record and docket, as well as its consideration of all the relevant factors, the Court finds the total amount of fees sought— $69,247.64— to be reasonable and does not represent a windfall. There are several reasons for this decision which are discussed below.

First, Plaintiff's attorney seeks the fees pursuant to a retainer agreement signed by the client, which allows Plaintiff's attorney to collect up to 25% of the withheld benefits. [DE 33-2]. Plaintiff's attorney and paralegals spent 42.47 hours working on this case. [DE 33-4]. This amounts

to an attorney's fee of $1,630.50 per hour. This is the primary basis of contention for Defendant. However, while the fee may appear relatively high based on its hourly rate, Plaintiff's attorney bargained for a contingent fee, and thus the hourly rate alone is not determinative. The hourly rate is one, but not the only, factor for this court to consider.

Second, the risk of litigation loss was high. Indeed, Plaintiff's attorney was not retained until *after* the client had already lost at all levels of administrative review while proceeding with a non-lawyer representative. At such a stage, finding a willing attorney to take on one's case is no easy task. Plaintiff's prevailing in this case was not predetermined, and had Plaintiff not prevailed, Plaintiff's counsel would have received nothing for his work and for his paralegal's work. This is a factor that cannot be lightly disregarded. The litigation risk was high and Plaintiff's counsel took that risk hoping for a commensurate reward if he prevailed.

Third, the difficulty of the case was quite high, as it involved prosecuting an appeal that was built upon a record perfected by someone else. Plaintiff's counsel had to review the record and research the law and then file an appeal in this Court. In this Court, Plaintiff's counsel provided effective representation to Plaintiff by filing a Complaint [DE 1], and eventually a Motion for Summary Judgment [DE 17], which was granted. [DEs 21, 22]. Even at that stage, however, recovery of withheld monies was not predetermined. Instead, Plaintiff's counsel had to represent Plaintiff at a remand hearing for "rehearing and further consideration [by the ALJ] as to whether Plaintiff has the RFC to perform the full range of light work, or light work subject to additional limitations, and to accordingly reweigh the testimony and medical opinions of Plaintiff's treating physicians at step four of the analysis." [DE 21]. By taking on a difficult case with no assurance of prevailing, Plaintiff's counsel took on the risk of doing a great deal of legal work which could go completely uncompensated.

Fourth, Plaintiff's attorney, Eddy Pierre Pierre, Esq., has over 20 years of experience practicing Social Security law and he achieved a successful outcome in this case. Plaintiff's counsel prevailed for his client and obtained benefits for Plaintiff that Plaintiff would not have otherwise obtained. A less experienced attorney might not have taken the case or might have improperly handled it to the client's detriment.

Fifth, the client consented to the contingency fee agreement when he signed the retainer. [DE 33-2]. The client, Mr. Taggart, has not objected to the fee award and is presumably satisfied with the results obtained by his counsel. The Defendant has objected to the attorney's fees award and the Court does not fault the Defendant for lodging such objection. Defendant has an obligation as trustee for Plaintiff if Defendant believes the attorney's fees sought by Plaintiff's counsel are unreasonable. *See* f.n. 1, *supra*. The Defendant's objection has allowed this Court to carefully consider Plaintiff's fee application and review the applicable facts and caselaw. Upon first glance, the Court was concerned that the fee award was unreasonably high based upon the *de facto* hourly rate. However, upon closer scrutiny, and in consideration of all of the relevant factors, the Court finds the attorney's fees sought by Plaintiff's counsel to be reasonable.

For these reasons, the Court finds Plaintiff's attorney is entitled to the entire fee award sought, and he may "reap the benefit of [his] work." *See Jeter*, 622 F.3d at 381. No reduction shall be ordered. Accordingly, Plaintiff's Motion for Attorney's Fees [DE 33] is **GRANTED**. Plaintiff's counsel is entitled to the claimed fees in the amount of $69,247.64. A separate judgment will be entered.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of January 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge